IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Andrew Rogers,

          Plaintiff,

       v.

Capital One *et al.*,

          Defendant.

Case No. 3:23-cv-2392-JGC

**ORDER**

    This is a case contesting Defendant Capital One's closure of Plaintiff Andrew Rogers' credit card account. Plaintiff is *pro se*. Defendant Capital One Bank (USA), N.A. is the issuing bank for the subject credit card. (Doc. 1, pgID 1). Defendants Richard Fairbank and Andrew Young are Capital One's CEO and CFO, respectively. (*Id.*).

    Before me are two dueling motions: (1) Plaintiff's Motion to Deny Defendant's Motion to Transfer to Federal Court. (Doc. 7); and (2) Capital One's Motion to Dismiss Plaintiff's Amended Complaint (Doc. 6). I construe Plaintiff's motion as a 28 U.S.C. § 1447(c) motion to remand to state court. *See Stanley v. Vining*, 602 F.3d 767, 771 (6th Cir. 2010) (citing *Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir.1985)).

    For the reasons below, I grant Plaintiff's Motion and remand the case back to the Napoleon Municipal Court in Napoleon, Ohio. Because I lack jurisdiction, I deny without prejudice Defendants' Motion to Dismiss.

## Background

    Plaintiff's Amended Complaint is difficult to understand. The Complaint contains many haphazard citations to various legal authorities of dubious relevance here. The Amended

Complaint does not do the most important thing: Tell me and the Defendants what happened and what injury occurred.

As far as I can tell, Capital One closed Plaintiff's credit card account. (Doc. 1-3, pgID 13). Capital One apparently did so because Plaintiff stopped paying his credit card bill. (*See id.*, pgID 29).

Plaintiff did not make any money payment. Instead, Plaintiff mailed a "note"[1] to Capital One. (*Id.*, pgID 24). Plaintiff contends that this letter somehow counted as full payment of his credit card debt. In Plaintiff's own words in his letter to Capital One: "Please transfer the positive value of this bearer security to the principal to set-off the account and bring it down to zero." (*Id.*).

Capital One of course did not accept Plaintiff's mailed letter as somehow being a form of payment. But Plaintiff believes this was wrong. He filed suit, seeking to reopen his credit card account and seeking money damages. (*Id.*, pgID 18).

Plaintiff originally filed this case in the small claims division of the Napoleon Municipal Court in Napoleon, Ohio. He based his complaint on state contract law only. (Doc. 1-1). The municipal court transferred the case from the small claims division to its civil division. (Doc. 1-2). Shortly after transfer, on November 29, 2023, Plaintiff chose to amend his complaint. (Doc. 1-4).

---

[1] What Plaintiff calls a "note" is a letter that Plaintiff mailed to Capital One. Plaintiff appears to be under the misguided assumption that letters he writes somehow are "bank notes" or "promissory notes." This assumption is incorrect. Plaintiff is not a bank or a mint, and Plaintiff made no promise, enforceable or otherwise, in his letter. His mailed letter is simply that—a letter.

On December 15, 2023, Defendants timely removed to federal court. According to Defendants' Notice of Removal, Plaintiffs' amended Complaint added federal claims over which I have original jurisdiction, thus making removal proper under 28 U.S.C. § 1441(c).

## Discussion

Under 28 U.S.C. § 1441, a defendant may remove a civil action "from state court to federal court when the action initiated in state court is one that could have been brought, originally, in a federal district court." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 83 (2005).

I must strictly construe the removal statute in favor of Ohio's "important interest in the independence of their courts." *See First Nat. Bank of Pulaski v. Curry*, 301 F.3d 456, 462 (6th Cir. 2002); *accord Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir. 1999) ("[W]e are mindful that the statutes conferring removal jurisdiction are to be construed strictly because removal jurisdiction encroaches on a state court's jurisdiction."). In the interest of comity and federalism, I exercise jurisdiction "only when it is clearly established, and any ambiguity regarding the scope of [the removal statute] should be resolved in favor of remand to the state courts." *Brierly, supra*, 184 F.3d at 534; *see also Stamatopoulos v. All Seasons Contracting, Inc.*, 2012 WL 5272090, at *1 (N.D. Ohio Oct. 23, 2012) (Wells, J.) ("[A]ny doubt concerning the propriety of removal should be resolved in favor of remand.") (citing *Union Planters Nat–Bank of Memphis v. CBS, Inc.*, 557 F.2d 84, 89 (6th Cir.1977)).

Removal jurisdiction can be based on either the federal courts' diversity jurisdiction under 28 U.S.C. § 1332 or its federal question jurisdiction under 28 U.S.C. § 1331. Defendants argue that I have federal question jurisdiction because of the citations to federal statutes Plaintiff added to his Amended Complaint. I thus limit my analysis to federal question jurisdiction.

### 1. Federal Question Jurisdiction

Congress granted federal district courts original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Thus, I have federal question jurisdiction in cases showing "either that federal law creates the cause of action or that the plaintiffs right to relief necessarily depends on resolution of a substantial question of federal law." *Thornton v. Sw. Detroit Hosp.*, 895 F.2d 1131, 1133 (6th Cir. 1990) (quoting *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 27–28 (1983). I evaluate claims removed based on federal question jurisdiction under the "well-pleaded complaint" rule. *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 550 (6th Cir. 2006). "[The well-pleaded complaint] rule provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.* (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)) (internal quotation marks omitted).

A plaintiff gets to decide for himself on what law he will base his complaint. Since the plaintiff is the decision-maker, and not any defendant, "the fact that a claim could be stated under federal law does not prevent him from stating it under state law only." *Id.*

### 2. Plaintiff's Complaints

The original complaint in the state case made no reference to any federal law. But Plaintiff, in amending his complaint, decided to add a series of disjointed legal authorities. For example, Plaintiff added a section headed "LEGAL TENDER DEFINED." (Doc. 1-3, pgID 15). Another section quotes cases and statutes that Plaintiff altered to change their meaning.[2] Plaintiff alleges that this shows that American currency is somehow worthless. (*Id.*, pgID 16).

---

[2] For example, in his citation to "Echart v Commissioners C.C.A.," Plaintiff added "(federal reserve)" in front of the word "note," and he omitted the word "cash" in front of the work "payment." (Doc. 1-3, pgID 16). This turns the meaning of the quote upside down. *Eckert v.*

Specifically, Defendants base removal on the following federal-statute references in the Amended Complaint:

- "Let it be known that this dispute started on 10/23/23 and Capital One has not since stopped any collection efforts while these disputes are being settled which are in direct violation of Law (**15 USC 1692g**)." (Doc. 1-3, pgID 17) (emphasis added).

- "'The entire taxing and monetary systems are hereby placed under the U.C.C.' (Uniform Commercial Code) - **The Federal Tax Lien Act of 1966**." (*Id.*, pgID 14) (emphasis added).

- "The primary basis for counterclaims is that all commercial instruments such as promissory notes, credit agreements, bills of exchange and checks are defined as legal tender, or money, by the statutes such as **12 USC 1813(1)(1)** . . . ." (*Id.*, pgID 15) (emphasis added).

- "In light of the holding of Guaranty Trust Company vs. Henwood, 307 U.S. 247 (1939), a Federal US court of appeals ruled on Title **31 USC 5118**. As of October 27, 1977, legal tender for discharge of debt is no longer required." (*Id.*) (emphasis added).

These citations are nonsensical. I cannot encroach on the jurisdiction of Ohio courts based on such vague and ambiguous references to federal law. *Brierly, supra*, 184 F.3d at 534 .

Plaintiff's citation to 15 U.S.C. § 1692g, on its face, makes no independent claim related to the "validation of debts." The Amended Complaint only disputes Capital One's closing of Plaintiff's credit card as a breach of contract. The reference here to Capital One's conduct distinguishes and differentiates that conduct from "this dispute." (*See* Doc. 1-3, pgID 17). And the passing reference does not clearly establish a federal cause of action in this matter or present a substantial question of federal law. *See Brierly, supra*, 184 F.3d at 534; *see also Eastman, supra*, 438 F.3d at 553 ("[W]e conclude that the reference in the plaintiff's complaint to the

---

*Commissioner of Internal Revenue*, 42 F.2d 158 (2d Cir. 1930), absolutely is not talking about federal reserve notes, *i.e.*, American currency. That century-old case concerned "promissory notes of $25,419.65 payable to a bank for money loaned to [a] partnership." *Id.* at 159. The court ruled that a promise to pay a debt "does not constitute a cash payment." *Id.* Coincidentally, just as Plaintiff's purported "note" here does not constitute a cash payment.

5

federal statutes cited as a source of public policy does not create a substantial federal question in this case.").

The remaining purported citations are irrelevant at best and gibberish at worst. Plaintiff's allegation about "the entire taxing and monetary systems" or his allegations about the definition of "legal tender" and how it is no longer required to pay debts do not create a federal claim or a substantial federal question.[3] As Capital One argues in its own Motion to Dismiss, "almost all the cited statutes either do not provide a private right of action or plainly have no application to Capital One." (Doc. 6, pgID 52). I agree.

I grant Plaintiff's Motion, and I remand this case to the civil division of the Napoleon Municipal Court. Because I lack jurisdiction over this matter, I cannot reach Defendants Motion to Dismiss. I deny Defendants' Motion without prejudice.

---

[3] I also agree with Defendants that these wildly misinformed theories appear to grow from the completely unfounded "sovereign citizen" conspiracy movement. The movement ensnares unwitting Americans into the mistaken belief that they are somehow, by operation of a series of magic tricks and incantations, beyond the reach of law. This is simply wrong.

Courts unanimously and summarily reject these frivolous "sovereign citizen" arguments. *See, e.g.*, *Maddox El v. Scharf,* 2023 WL 3587538, at *1 (E.D. Mich. May 22, 2023) ("So-called sovereign citizens believe that they are not subject to government authority and employ various tactics in an attempt to, among other things . . . extinguish debts[.] . . . Without extended argument, courts routinely dismiss these nonsensical complaints *sua sponte* for lack of subject matter jurisdiction, rejecting the claims within as patently frivolous and a waste of court resources."); *Mitchell v. Vesely*, 2017 WL 11049094, *1 (M.D. Fla. Aug. 23, 2017) ("While Plaintiff does not state that he is a 'sovereign citizen,' his arguments are similar to the 'sovereign citizen' arguments that courts have routinely rejected as frivolous."); *Bryant v. Washington Mut. Bank*, 524 F. Supp. 2d 753 (W.D. Va. 2007), *aff'd* 282 Fed. App'x. 260 (4th Cir. 2008) ("Plaintiff's claim that her Bill of Exchange is a legitimate negotiable instrument is clearly nonsense in almost every detail. . . . [S]he did not tender payment, but rather a worthless piece of paper."); *Hennis v. Trustmark Bank*, 2010 WL 1904860, at *5 (S.D. Miss. May 10, 2010) ("From coast to coast, claims that debts have been paid under the redemption theory by the plaintiffs' issuance of 'bills of exchange' have been dismissed as frivolous.").

**Conclusion**

For the forgoing reasons, it is hereby ORDERED THAT:

1. Plaintiff's Motion to Remand (Doc. 7) be, and the same hereby is, granted.

2. Defendant's Motion to Dismiss (Doc. 6) be, and the same hereby is, denied without prejudice.

3. The clerk is directed to close this case and remand it to the civil division of the Napoleon Municipal Court in Napoleon, Ohio.

SO ORDERED.

*/s/ James G. Carr*
Sr. U.S. District Judge